| | |
|---|---|
| **ROANNE L. MANN**<br>**UNITED STATES MAGISTRATE JUDGE** | **DATE:** November 14, 2022<br>**START:** 3:15 p.m.<br>**END:** 4:15 p.m. |

**DOCKET NO:** 22-cv-1071 (DG)

**CASE** Parsons v. LTD Financial Services, L.P.

| | |
|---|---|
| ☐ INITIAL CONFERENCE | ☐ OTHER/*CHEEKS* HEARING |
| ☐ DISCOVERY CONFERENCE | ☐ FINAL/PRETRIAL CONFERENCE |
| ☐ SETTLEMENT CONFERENCE | ☐ TELEPHONE CONFERENCE |
| X MOTION HEARING | ☐ INFANT COMPROMISE HEARING |

**PLAINTIFF**  **ATTORNEY**

| | |
|---|---|
| | (By tel.) Brian Ponder, plaintiff Eric Parsons also present |

**DEFENDANTS**  **ATTORNEY**

| | |
|---|---|
| | Mitchell Williamson, Sondra Jurica (General Counsel) also present by telephone |

☐ FACT DISCOVERY TO BE COMPLETED BY
☐ SETTLEMENT CONFERENCE SCHEDULED FOR _____
☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
☐ PL. TO SERVE DEF. BY:_____ DEF. TO SERVE PL. BY:_____

**RULINGS:  PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Both sides are admonished for failing to comply with this Court's October 31st Scheduling Order, which directed that counsel and clients appear for oral argument in person: Plaintiff's counsel and his client failed to appear and had to be contacted by the Court's staff to participate by phone; and defense counsel appeared in person but his client did not, and instead appeared by phone.  The Court hears oral argument on plaintiff's motion to remand the case to state court (DE #5) and defendant's motion for discovery concerning plaintiff's residence (DE #8).  The Court inquires into the facts underlying plaintiff's allegation of actual damages and plaintiff and his counsel confirm that plaintiff's injury is "hidden and personal to him," as he is not complaining that any credit report or trade line or item was communicated to a third party, nor did he suffer lost credit opportunities; the complained-of invasion of privacy and distress resulted in out-of-pocket costs of less than $25 for postage. In short, plaintiff concedes that he suffered no concrete injury sufficient to confer Article III standing.  In view of the record developed today, defendant consents to remand the case to state court.  The parties' stipulation remanding this action to state court is due by November 22, 2022.  For the reasons stated on the record, the Court, in exercising its discretion, declines to award plaintiff fees and costs in connection with the motion to remand.

Defendant's motion for discovery concerning personal jurisdiction (DE #8) is terminated as moot, with leave to renew the application in state court.